```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3 0 NOV 2011
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

JUAN RODRIGUEZ GARCIA,                     :

                    Plaintiff,           :     10 Civ. 7804 (KBF)

      -v-                                  :

BAE CLEANERS INC, et al.,                  :     MEMORANDUM OPINION
                                                                              & ORDER
                    Defendants.          :

------------------------------------------X

KATHERINE B. FORREST, District Judge:

    Plaintiff filed this action on behalf of himself and others similarly situated, claiming that a series of corporate defendants ("Corporate Defendants") knowingly and willfully failed to pay plaintiff lawfully earned minimum wages, earned overtime compensation, and "spread of hours" premium in contravention of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA") and New York State Labor Law.

    For the reasons set forth below, both plaintiff's and defendants' motions for summary judgment are denied.

    Defendants raise a number of arguments in support of their motion for summary judgment. It must be noted at the outset that defendants' papers contain few clear and direct citations to the record, but rather make factual assertions with only

scattered and periodic references to exhibits (and then, often to entire exhibits without specifying particular portions).

Parties seeking favorable summary judgment determinations would do well not to require the Court to engage in a hunt and peck exercise.

Nevertheless, addressing defendants' arguments <u>seriatim</u>, this Court determines:

1. Defendants have put forward insufficient factual evidence and legal arguments that plaintiff settled his claims in the manner legally required by 29 U.S.C. § 216.

2. There is a triable issue of fact as to whether the Corporate Defendants are part of a common enterprise within the meaning of FLSA.

3. At this late stage of the litigation, this Court finds Defendants' arguments based on <u>Bell Atlantic Corporation v. Twombly</u>, 550 U.S. 544 (2007), and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), unpersuasive. If such a motion were ever to have had legs, it would have to have been made at a much earlier stage in these proceedings.

4. There are triable issues of fact regarding whether the Corporate Defendants have been engaged in interstate commerce. There is evidence in the record that the companies may have met the appropriate jurisdictional prerequisite.

5. There are both factual and legal issues regarding whether plaintiff was a tipped employee who was paid without the tip credit minimum wage.

6. Defendants' arguments regarding the consideration of employment taxes sit as barred factual assertions. The Court will not engage in the hunt and peck to determine if they have merit. Defendants can seek to prove this argument at trial if they choose.

7. There is a triable issue of fact on willfulness. Defendants' arguments in this regard are based on an assertion of an ultimate issue: *e.g.*, that "[t]here was no minimum wage violations." (Def. Mem. at 17.) This assertion without factual citation is insufficient to support summary judgment.

Plaintiff's motion for summary judgment is denied for some of the same reasons stated above (I would note that at least plaintiff provided factual citations, requiring less hunt and peck):

1. This Court finds there is a triable issue on the question of whether the Corporate Defendants were a single enterprise under the FLSA.

2. There is also a triable issue regarding whether the Corporate Defendants engaged in interstate commerce.

3.   Plaintiff's argument regarding settlement is not an argument that would dispose of a claim in plaintiff's favor-- and, to the extent it is cast as one "for" summary judgment, this Court finds it miscast.  Any arguments plaintiff has regarding possible settlement are in the nature of a defense.

4.   This Court finds that there are genuine issues of fact, as well as legal questions, regarding the applicability of "tip credit."  To the extent plaintiff is seeking summary judgment on this issue, such motion is therefore denied.

Accordingly, all pending motions for summary judgment are denied in their entirety.  This case is set for trial on February 27, 2012.

**This Memorandum Opinion and Order is not meant for publication.**

SO ORDERED:

Dated:   New York, New York
         November 30, 2011

_____
KATHERINE B. FORREST
United States District Judge