UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                        :

JUAN RODRIGUEZ GARCIA,          :

                                        :    10 Civ. 7804 (KBF)

                   Plaintiff,  :

                                        :    MEMORANDUM OPINION

             -v-                :    &amp; ORDER

                                        :

BAE CLEANERS INC., et al.,    :

                                        :

                   Defendants.  :

                                        :
------------------------------------ X

KATHERINE B. FORREST, District Judge:

    This matter is set for jury trial to commence February 27, 2012. Both the plaintiff and defendants have submitted motions in limine to preclude the admission of certain evidence.

    For the reasons set forth below, plaintiff's motions in limine are resolved as follows:

1.  Plaintiff's motion to preclude defendants from eliciting or offering at trial any evidence regarding any plaintiff's immigration status is GRANTED.

    The law is clear that that "any individual" is entitled to pursue an action under the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 203(e)(1); Corona, et al. v. Adriatic Italian Rest. & Pizzeria, No. 08 Civ. 5399 (KNF), 2010 U.S. Dist. LEXIS 15788, at *2 (S.D.N.Y. Feb. 23,

2010). There are a number of cases that have found that evidence of immigration status has no bearing on matters of consequence to be determined under the FLSA, and to be both undiscoverable and inappropriate topics for trial. See e.g., Corona, 2010 U.S. Dist. LEXIS, at *2; Liu v. Donna Karan Int'l, Inc., 207 F.Supp.2d 191, 192-93 (S.D.N.Y. 2002).

Plaintiff has also brought claims under various provisions of New York state law. This Court finds that evidence of immigration status is irrelevant and therefore not admissible regarding any issue with respect to any New York state law claim. In addition, even if evidence of immigration status were relevant to some element of some claim, Rule 403 of the Federal Rules of Evidence is itself sufficient to preclude the admission of such evidence. Evidence regarding immigration status could unduly prejudice plaintiff's case. In addition, it would be difficult for a jury to hear evidence of immigration status and take it into consideration for state law claims while excluding it from consideration for FLSA claims — such evidence has great potential to cause juror confusion.

2. Plaintiff's motion to preclude defendants from eliciting or offering any evidence relating to the alleged

settlement "agreement" or "negotiations" between plaintiff and defendants is hereby GRANTED.

Any settlement of a FLSA claim has to be overseen by the Department of Labor or approved by this Court. 29 U.S.C. § 216(c); Liu v. Jin Jin Commerce Corp. No. 08 Civ. 4199 (GBD), 2011 WL 135839, at *1 (S.D.N.Y. Jan. 10, 2011)("It is well settled that an employee may only waive a FLSA claim for unpaid wages or overtime pursuant to a judicially-supervised stipulated settlement or in a settlement supervised by the Department of Labor."). As a result, it is absolutely clear that no settlement of the claims in this action ever occurred since this Court never approved any settlement. Whatever documentary evidence defendants believe constitutes a settlement agreement is then merely part of, at most, negotiations or discussions of settlement.

Any evidence of negotiations or discussions regarding settlement is properly excluded from admission under Rule 408 of the Federal Rules of Evidence. To allow this type of evidence in would chill the settlement process — precisely the opposite of what Congress intended when they passed Rule 408.

In addition, however, this Court finds that such evidence is separately excludable under Rule 403 as it

could unduly prejudice the plaintiff's damages claims and might separately confuse a juror as to what an appropriate damages award might be.

3.  Plaintiff's motion to preclude evidence regarding several alleged defenses regarding failure to properly serve two individual defendants, unclean hands, the Motor Carrier Act and whether certain taxes were paid is also GRANTED.

It is far too late in these proceedings for defendants now to assert new defenses not previously raised or litigated.  Evidence at trial is properly limited to those matters contained in the pleadings or properly developed in the evidentiary record during discovery.  Defendants' argument regarding improper service is nearly sanctionable — since that issue was never previously raised, issues regarding service can be waived and any issues regarding personal jurisdiction can be waived.  After litigating this case on behalf of the very individuals whom defendants now claim were improperly served suggests a gross misunderstanding of the law.

The defense of unclean hands was not raised in the answer.  It would be unfair to require plaintiff now to have to guess as to what the evidence on that defense might

be and to proceed to trial without having had an opportunity to develop an adequate responsive record.

The Motor Carrier Act was never raised as a defense before the pretrial order was submitted – and for the same reasons of unfair prejudice at this late date, it too will not be a part of this proceeding.

The same reasoning could apply to the issue of whether taxes were paid by the plaintiff. But this late-asserted defense is additionally excludable under Rule 403. A juror could infer that one point of introducing such evidence would be to raise questions as to whether the plaintiff paid all appropriate taxes. That issue is irrelevant to any liability issue in these proceedings. Defendants are not the I.R.S. and there is no "non-payment" or under payment of taxes issue in this proceeding. To the extent that defendants would use such information to show the income that plaintiff was reporting to demonstrate that there has not been a violation of the FLSA or any New York state laws, that purpose is outweighed by the danger of prejudice and juror confusion. There are other ways to provide the jury with such evidence including through testimony from plaintiff and defendants.

4. Plaintiff's motion to exclude testimony from Hathaway Boyewa and In Hyuck Kwon on the basis that they were not

disclosed in defendants' Rule 26 disclosures is DENIED.

There is plenty of time between now and February 27, 2012, for plaintiff to take the deposition of any one of these individuals. This Court does not condone the belated disclosure of these individuals. However, it appears from defendants' motions in limine that plaintiff himself arguably has similar issues with respect to several witnesses. Rather than have this Court sort through who should have known about whom, given the current schedule, when under these circumstances there is still time prior to trial to eliminate prejudice. Accordingly, this Court will, in this one instance, make an exception to the general principle of preclusion that could certainly be applied and give the parties one last chance.

There is a separate issue with which the Court will not deal with at this time, regarding whether either of these individuals could in fact provide testimony relevant to any issue in this trial. The Court and parties can deal with that issue prior to the day that these individuals are to take the stand. In the meantime, the Court hereby orders that defendants arrange for a deposition of each of these individuals to occur no later than January 13, 2012, or a date mutually agreed upon by counsel. If these individuals are not produced for deposition by that date,

then the motion to preclude will be granted. Defendants must, if necessary, also provide and pay for a certified interpreter to be present at and assist in any deposition.

5. Plaintiff's final motion <u>in limine</u> relates to the admissibility of a wage statement. Plaintiff raises concerns regarding the authenticity of this one page document. Plaintiff has apparently sought and defendants apparently have been unable to or have not provided the original for inspection. The Court notes that the FLSA requires employers to maintain adequate employment records, 29 U.S.C. § 211(c), and New York law requires employers to maintain proper records for a period of six years, N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.6. This alleged wage statement is less than six years old.

Plaintiff asserts that they made a written request for inspection of the original and that request was ignored. Defendants do not respond to this argument other than to state now that the original no longer exists. The Court notes that no discovery dispute was ever raised regarding the defendants' failure to provide the original for inspection. In any event, at this point it does not appear that inspection of an original is possible. Accordingly, the Court requires the defendants to submit, no later than January 17, 2012, the following: (1) the document, (2) a

sample of other wage statements of contemporaneous vintage, (3) a statement by the accountant, bookkeeper or individual otherwise responsible for the creation of the wage statement regarding whether it is authentic or not, submitted under penalty of perjury.  The Court will then determine whether it will hold a brief evidentiary hearing on the admissibility of that document should defendants continue to want to proffer it at trial.

With respect to defendants' motions in limine this Court finds:

1. Defendants' motion to preclude evidence regarding proper wage statements, failure to pay the tip credit minimum wage and evidence of the equitable tolling of the statute of limitations is DENIED.

This Court finds that plaintiff in fact pled failure to maintain proper records in his complaint at paragraph 38 (and therefore the motion in limine on the basis that it had never been previously put on notice of this claim is so entirely without merit as to be almost sanctionable).

Defendants' argument to preclude evidence regarding tip credit makes no sense at all — since it would normally be the defendant who would want to put forward evidence of a tip credit to defend against a claim of under payment of

wages. See Jim M. Cao v. Wu Liang Ye Lexington Rest., Inc., No. 08 Civ. 3725 (DC), 2010 WL 4159391 (S.D.N.Y. Sept. 30, 2010) ("The tip credit provision of the FLSA permits employers to pay tipped employees at an hourly rate below the minimum wage if the employee's wages and tips, added together, meet or exceed the minimum wage."; "Similarly, [New York] Labor Law allows employers to pay tipped workers in the food service industry a lower minimum wage."). The fact that counsel made an argument to preclude plaintiff from raising this issue as if it was an element of plaintiff's claim does raise concern that counsel has not adequately studied the law in this area and should do so.

This Court also finds that paragraphs 52 and 53 of the Second Amended Complaint do provide defendants with adequate notice of failure to post notices of an employee's right to receive the statutory minimum wage. Under the caselaw in this area, those are precisely the types of allegations that need to be pled to put a party on notice of arguments that there may be a basis for equitable tolling of the statute of limitations. See Ke v. Saigon Grill Inc., 595 F.Supp.2d 240, 259 (S.D.N.Y. 2008).

2. Defendants' motion in limine to preclude testimony from Messrs. Vasquez and Pereyra is DENIED.

As set forth above regarding plaintiff's similar motion, this Court does not condone the late notice of these witnesses but finds that there remains sufficient time for the parties to avoid any prejudice by taking a pretrial deposition. The same conditions imposed on defendants with respect to the depositions of their potential witnesses apply to plaintiff: depositions must occur by January 13, 2012, or a date mutually agreed upon by counsel, and the cost of a certified translator, if necessary, shall be borne by the party intending to proffer the witness at trial.

3. Defendants' motion <u>in limine</u> to preclude plaintiff's offering documentary trial exhibits is DENIED. That motion is now moot since plaintiff has apparently provided the proposed trial exhibits.

SO ORDERED:

Dated:   New York, New York
         December 12, 2011

                                    _____
                                    KATHERINE B. FORREST
                                    United States District Judge