USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JAN 0 6 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
JUAN RODRIGUEZ GARCIA,              :
                                    :
                   Plaintiff,       :    10 Civ. 7804 (KBF)
                                    :
       -v-                          :    MEMORANDUM OPINION
                                    :    & ORDER
BAE CLEANERS INC., et al.,          :
                                    :
                   Defendants.      :
                                    :
------------------------------------X

KATHERINE B. FORREST, District Judge:

In the December 12, 2011, Memorandum Opinion and Order, this Court directed defendants to submit (1) the wage statement, the authenticity of which plaintiff contests in a motion <u>in limine</u>, (2) a sample of other wage statements of contemporaneous vintage, and (3) a statement by the accountant, bookkeeper or individual otherwise responsible for the creation of the wage statement regarding whether it is authentic or not, submitted under the penalty of perjury. Defendants submitted said documents on December 30, 2011. (Dkt. No. 80.)

"A duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." Fed. R. Evid. 1003; <u>see also</u> <u>Opals on Ice Lingerie v. Body Lines Inc.</u>, 320 F. 3d 362, 371 (2d Cir. 2003).

Plaintiff's assertion in his motion in limine--without any support besides conjecture--that the wage statement is "highly suspect" does not raise a genuine question as to its authenticity or indicate that it would be unfair to admit the document.  See Colormaster Printing Ink Co. v. S.S. ASIAFREIGHTER, No. 75 Civ. 5204 (JMC), 1991 WL 60413, at *3 (S.D.N.Y. April 9, 1991) ("[M]ere speculation is not sufficient to raise a showing of a genuine issue as to authenticity or unfairness.")  The issue of its authenticity will therefore be left for trial.  See Dietrich v. Bauer, 126 F.Supp.2d 759, 764 (S.D.N.Y. 2001).

Plaintiff's motion in limine to preclude the copy of the wage statement is DENIED.

SO ORDERED:

Dated:   New York, New York
         January 5, 2012

                              _____
                              KATHERINE B. FORREST
                              United States District Judge