UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
:
JUAN RODRIGUEZ GARCIA,              :
                                    :
                         Plaintiff, :    10 Civ. 7804 (KBF)
                                    :
              -v-                   :    MEMORANDUM OPINION
                                    :    & ORDER
BAE CLEANERS INC., et al.,          :
                                    :
                        Defendants. :
                                    :
------------------------------------X

KATHERINE B. FORREST, District Judge:

On January 9, 2012, this Court received a letter, dated January 6, 2012, (Dkt No. 82) from counsel for plaintiff "request[ing] that the Court reconsider that portion of its December 12, 2011 Memorandum Opinion & Order . . . which permits the defendants to re-depose plaintiff's witness, Jose Pereyra." The Court construes the letter as a motion for reconsideration under Local Rule 6.3.

In the December 12 Memorandum Opinion & Order, this Court denied defendants' motion <u>in limine</u> to preclude testimony from Mr. Pereyra. Defendants had argued that Mr. Pereyra's testimony should be precluded because plaintiff did not disclose the witness in his Rule 26 disclosures (plaintiff made similar motions <u>in limine</u>, which the Court also denied). The Court reasoned that "there remains sufficient time for the parties to

avoid any prejudice by taking a pretrial deposition." (Dec. 12, 2011, Mem. & Order at 9.)

Plaintiff now argues that Mr. Pereyra should not be deposed because (1) Mr. Pereyra has already been deposed by defendants' counsel in his own lawsuit against defendants that asserts nearly identical allegations as plaintiff asserts here and (2) he did not work at the same "Fancy Cleaners" location as plaintiff.

A motion for reconsideration under Local Rule 6.3 "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." See Sulton v. Lahood, No. 08 Civ. 2435 (KTD), 2010 WL 1375188, at *1 (S.D.N.Y. Mar. 31, 2010) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration under the local rule must be served within 14 days of the decision. S.D.N.Y. Local Rule 6.3.

The Court first notes that this motion is untimely and can be denied on that basis alone. But even if the motion were timely made, it would still be denied. Plaintiff's counsel does not point to any "controlling decisions or data that the court overlooked." What counsel does call attention to--i.e., that "defendants have already conducted the deposition of Mr.

Pereyra" and that Mr. Pereyra and plaintiff did not work at the same location at the same time--was pointed out to the Court in plaintiff's Memorandum of Law in Opposition to Defendants' Motion In Limine. (Def. Opp. Mem. at 5-7 (Dkt. No. 76).) Plaintiff merely shows that he disagrees with this Court's decision, not that it was manifest error. See Sulton, 2010 WL 1375188, at *2.

For the foregoing reasons, Plaintiff's Motion for Reconsideration is DENIED.

SO ORDERED:

Dated:   New York, New York
         January 11, 2012

_____
KATHERINE B. FORREST
United States District Judge